IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**WILLIAM GREEN, et al.,**

       **Plaintiffs,**

v.                                                  No. 2:10-cv-02232-STA-cgc

**CITY OF MEMPHIS,**

       **Defendant.**

**REPORT AND RECOMMENDATION ON
DEFENDANT CITY OF MEMPHIS'S MOTION TO REMAND**

Before the Court is Defendant City of Memphis's ("City") Motion to Remand. (Docket Entry "D.E." #11). The instant motion was referred to United States Magistrate Judge Charmiane G. Claxton for Report and Recommendation. (D.E. #13). For the reasons set forth herein, the Court RECOMMENDS that Defendant's Motion to Remand be DENIED.

**I. Introduction**

On February 26, 2010, Plaintiffs filed a "Writ of Mandamus and Petition for Declaratory Relief" ("Petition") in the Chancery Court of Shelby County, Tennessee for the Thirtieth Judicial District at Memphis ("Chancery Court"). The Petition states that Plaintiffs are African-American Sergeants with the Memphis Police Department ("MPD") who took part in a promotional process to attempt to obtain the rank of Lieutenant in 2005. (Petition ¶ 10). Plaintiffs were denied the promotion and, to date, retain the rank of Sergeant. (Petition ¶ 11).

1

Based upon their belief that the process utilized for the promotions had a known adverse impact against African-American candidates, Plaintiffs filed suit in the United States District Court for the Western District of Tennessee on March 7, 2007. (Petition ¶¶ 12-14.) See Dennis McNeil v. City of Memphis, No. 2:07-cv-02166. On June 11, 2008, the McNeil case was consolidated with Constance Walker-Cage v. City of Memphis, No. 2:07-cv-02441. A central issue in the consolidated litigation was whether a three-part test utilized by the City to effectuate promotions had an adverse impact on African-American candidates. (Order Approving Settlement at 2.)

On July 9, 2009, the Court entered an Order Approving Settlement, which was revised on July 13, 2009.[1] The Order Approving Settlement stated that sixty-nine Sergeants would be promoted to Lieutenant, including certain named McNeil plaintiffs but excluding Plaintiffs in the instant case. (Order Approving Settlement at 1.) The Order Approving Settlement further required that the sixty-nine Sergeants "chosen for promotion as part of this settlement are all those Sergeants, whether litigants or not, who have not yet been promoted to Lieutenant who are number 165 or less on either the three-part promotional list or the one-part test promotional list . . . ." (Order Approving Settlement at 2.)

---

[1] The Order Approving Settlement for the consolidated McNeil/Walker-Cage case was only filed in Walker-Cage case, No. 2:07-cv-02441; however, the caption for the Order Approving Settlement indicates that it resolved both consolidated cases.

On July 27, 2009 and July 30, 2009, the Court dismissed the McNeil suit pursuant to Rule 41 of the Federal Rules of Civil Procedure.[2] (Petition ¶ 15.) The dismissal was without prejudice as to Plaintiffs in the instant case and two other individuals, Angela D. Smith[3] and Robert Harris, all of whom were not promoted by the Order Approving Settlement. The dismissal was with prejudice as to the remaining plaintiffs in the McNeil suit, all of whom were promoted by the Order Approving Settlement.

In the instant case, the Petition now asserts that the "promotion cutoff number of 165 was illegal, arbitrary and/or capricious." (Petition ¶ 18.) Plaintiffs claim that, "[i]n calculating the top 165 on the list[,] the City of Memphis excluded 13 Plaintiffs who had been involved in other federal suits, Johnson and Billingsley." (Petition ¶ 19.) Plaintiffs assert that, "[u]pon information and belief, in promoting the top 165 two lists were used: a one-part promotion test that included a written exam and seniority; and a three-part promotion test that included a video." (Petition ¶ 20.) Plaintiffs further allege that, "[u]pon information and belief, the EEOC had reason to believe that using the three-part promotion test (3 day list) was discriminatory based upon race." (Petition ¶ 21.) Thus, "[a]s a result of these measures (of excluding Plaintiffs, and/or using the three-part promotion list) a non-Plaintiff white male, Paul Pruitt, who otherwise would not qualify, was promoted." (Petition ¶ 22.) Additionally, "Plaintiffs above were not promoted despite their involvement in the federal suit mentioned" and are now "entitled to a

---

[2] The Stipulations of Dismissal as to the McNeil plaintiffs were filed in the McNeil case, No. 2:07-cv-02166.

[3] Plaintiffs set forth that Angela Smith, another McNeil plaintiff who was not promoted and dismissed her claims without prejudice following the Order Approving Settlement requested a "similar writ . . . , which resulted in Ms. Smith's promotion in 2009." (Petition ¶ 30.) Although the record provides no further information regarding Smith's case, a review of the Electronic Court Filing ("ECF") database does not show any attempts to remove Smith's case to this Court.

promotion to the rank of lieutenant." (Petition ¶¶ 23, 25.)

Based upon these allegations, Plaintiffs' Petition requests that the Chancery Court order that they "be promoted to the rank of Lieutenant as the promotion process and examinations conducted on 2005 promotional process were legally flawed." (Petition ¶ 26.) Additionally, Plaintiffs request back pay and attorneys' fees. (Petition, Prayer for Relief, ¶ 3.) Plaintiffs further state as follows:

> The acts and/or omissions described above by the Defendant are against the law, the Agreement between the Memphis Police Association and the City of Memphis, the policies of the City of Memphis, the City of Memphis Charter, *the existing federal court orders*, and the arbitration decision(s) . . . .

(Petition ¶ 31) (emphasis added).

On April 30, 2010, Plaintiffs filed the instant Motion to Remand pursuant to 28 U.S.C. § 1447(c). Plaintiffs claim that the Petition does not advance Title VII claims but instead requests relief pursuant to Tennessee law. (Mot. to Remand at 2-5.) On May 19, 2010, the City filed its Response in Opposition to Plaintiffs' Motion to Remand. (D.E. #11). The City asserts that the instant case is removable to this Court pursuant to 42 U.S.C. § 2000e-2(n) as a challenge to employment practices implementing litigated or consent judgments or orders. (Def.'s Resp. to Mot. to Remand at 1-4.) The City further argues that the artfully pleaded complaint doctrine prevents Plaintiffs from avoiding "federal question jurisdiction by carefully wording their complaint so that it does not include the words 'Title VII' or the statute's legal citation." (Def.'s Resp. to Mot. to Remand at 4-7).

## II. Analysis

The sole issue presented in the instant motion is whether removal is proper to this Court or whether the case should be remanded to Chancery Court. The party seeking to litigate in federal court bears the burden of establishing the existence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936). This remains true when the defendants, rather than the plaintiffs, seek the federal forum. Ahearn v. Charter Twp. of Bloomfield, 100 F.3d 451, 453-54 (6th Cir. 1996). The removing defendant's burden is to prove, by a preponderance of the evidence, that the jurisdictional facts it alleges are true. Gafford v. General Electric Co., 997 F.2d 150, 158 (6th Cir. 1993).

Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Furthermore, "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). Otherwise stated, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented." Caterpillar, 482 U.S. at 392. However, an exception to this rule is the artfully pleaded complaint doctrine, which provides that "a plaintiff may not defeat removal by omitting to plead necessary federal questions." Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475

5

(1998) (quoting <u>Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for Southern Cal.</u>, 463 U.S. 1, 14 (1983)).  "If a court concludes that a plaintiff has 'artfully pleaded' claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint."  <u>Rivet</u>, 522 U.S. at 475.  If a plaintiff contends that removal is improper, 28 U.S.C. § 1447 provides for a motion to remand.

In the instant case, while the Petition does not explicitly reference Title VII, the parties contest whether the claims presented actually arise under Title VII and therefore provide a basis for federal subject matter jurisdiction.  Specifically, Section 108 of Title VII provides for the "[r]esolution of challenges to employment practices implementing litigated or consent judgments or orders" as follows:

> (1)(A) Notwithstanding any other provision of law, . . . an employment practice that implements and is within the scope of a litigated or consent judgment or order that resolves a claim of employment discrimination under the Constitution or Federal civil rights laws may not be challenged under the circumstances described in subparagraph (B).
>
> (B) A practice described in subparagraph (A) may not be challenged in a claim under the Constitution or Federal civil rights laws—
>
> (I) by a person who, prior to entry of the judgment or order described in subparagraph (A), had—
>
> (I) actual notice of the proposed judgment or order sufficient to apprise such person that such judgment or order might adversely affect the interests and legal rights of such person and that an opportunity was available to present objections to such judgment or order by a future date certain; and
>
> (II) a reasonable opportunity to present objections to such judgment or order; or
>
> (ii) by a person whose interests were adequately represented by another person who had previously challenged the judgment or order on the same legal grounds and with a similar factual situation, unless there has been an intervening change in law or fact.

42 U.S.C. § 2000e-2(n).

Title VII provides that "[e]ach United States district court . . . shall have jurisdiction of actions brought under this subchapter." 42 U.S.C. § 2000e-5(f)(3). The Sixth Circuit has held that the "district court properly exercised jurisdiction" pursuant to 42 U.S.C. § 2000e-5(f)(3) over claims under 42 U.S.C. § 2000e-2(n). Rutherford v. City of Cleveland, 137 F.3d 905, 908-09 (6th Cir. 1998). Additionally, Section 108 provides that any such action "that challenges an employment consent judgment or order described in paragraph (1) *shall be brought in the court, and if possible before the judge, that entered such judgment or order.*" 42 U.S.C. § 2000e-2(n)(3) (emphasis added).

Upon review of the Petition, it states that the relief requested is sought pursuant to state law. Specifically, it references Tennessee statutory authority providing that "[c]ircuit judges and chancellors have power to issue writs of mandamus, upon petition or bill, supported by affidavit." (Petition ¶ 32) (quoting Tenn. Code Ann. § 29-25-101). The Petition further relies upon general principles announced through Tennessee judicial decisions describing the "extraordinary remedy" of the writ of mandamus, the requirements of a "clear right to the relief sought" and the "clear duty to perform the act" sought to be compelled, and the "absence of any other specific or adequate remedy." (Petition ¶¶ 26-29) (citations omitted).

However, despite Plaintiffs' desire to utilize a state procedural vehicle for obtaining relief, the factual bases of Plaintiffs' grievances provides insight into the true nature of Plaintiffs' substantive claims. First, Plaintiffs contend that the 2005 promotions were "wrongful" and had an "adverse impact against African American Sergeants." (Petition ¶ 12.) However, the legality of the 2005 promotions was the central issue in the McNeil litigation, resulting in the Order Approving Settlement. Next, the Petition seeks to challenge the post-McNeil promotional

7

methods.  The Petition contends that the "promotional cutoff number," which is mandated by the Order Approving Settlement, is "illegal, arbitrary, and/or capricious" and "discriminatory based upon race."  (Order Approving Settlement at 2; Petition ¶¶ 18, 21.)  The Petition contends that Defendants' implementation of the Order Approving Settlement has resulted in the promotion of a non-Plaintiff Caucasian male and has resulted in Plaintiffs' continued denial of promotions.  (Petition ¶¶ 22-25.)  The Petition further asserts that, allowing the City to use the three-part test along with the one-part test, as provided for in the Order Approving Settlement, is improper and discriminatory on the basis of race.  (Petition ¶¶ 17-25; Order Approving Settlement at 2.)  Again, these factual allegations present a direct challenge to the implementation of the Order Approving Settlement in McNeil.

In addition to the factual allegations, Plaintiffs explicitly state in their Petition that they desire that Chancery Court "declare the rights and obligations of the parties pursuant to . . . the *existing federal court orders* . . . ."  (Petition, Prayer for Relief, ¶ 2) (emphasis added).  This request further clarifies that Plaintiffs wish to challenge the implementation of the McNeil Order Approving Settlement.

Thus, while the Petition on its face purports to request relief under Tennessee law, the allegations make clear that Plaintiffs actually intend to challenge an "employment practice that implements and is within the scope of a litigated or consent judgment or order that resolves a claim of employment discrimination under the Constitution or Federal civil rights laws."  This action expressly arises under Title VII pursuant to 42 U.S.C. § 2000e-2(n).  This Court has jurisdiction over such matters under 42 U.S.C. § 2000e-5(f)(3).  See Rutherford v. City of Cleveland, 137 F.3d 905, 908-09 (6th Cir. 1998).

Although the language on the face of the Petition provides sufficient proof for the Court to determine that Plaintiffs' claims arise under Title VII, Plaintiffs' Motion to Remand provides further evidence of the nature of Plaintiffs' claims. Specifically, the Motion to Remand states as follows: "*No doubt that the above-referenced Plaintiffs challenge the effect of the promotion process most recently effectuated through the settlement with the other McNeil Plaintiffs insofar as the settlement agreement references that the promotion of the other McNeil Plaintiffs does not violate [T]itle VII, and Plaintiff[s] disagree[].*" (Mot. to Remand at 3) (emphasis added). Plaintiffs continue to argue in the Motion to Remand that this Court erred in the McNeil case "to the extent that the order attempts to make a Title VII ruling without a full hearing on the merits." (Mot. to Remand at 3.) Plaintiffs further assert that it is "improper . . . to foreclose the above Plaintiffs from arguing that the recent promotions," which were made in accordance with the Order Approving Settlement, were "discriminatory." (Mot. to Remand at 3.) Plaintiffs admit that the "language used in the Writ of Mandamus simply reflects the facts of the case which necessarily means that the Title VII claims are referenced." (Mot. to Remand at 5.) Additionally, Plaintiffs state that the reference to the McNeil case is intended to "show how the Plaintiffs were *mistreated in the previous case*, and to give the Chancery Court guidance on the Plaintiffs['] request for relief." (Mot. to Remand at 5) (emphasis added). Thus, Plaintiffs' Motion to Remand demonstrates that Plaintiffs seek to challenge the implementation of the Order Approving Settlement.

Finally, Plaintiffs' Motion to Remand acknowledges that they attempted to pursue the instant action as a petition for writ of mandamus in state court rather than a Title VII action in federal court to avoid being challenged by the Defendant under Wade v. Knoxville Utilities Bd., 259 F.3d 452 (6th Cir. 2001), which held that the state savings statute does not apply to Title VII

9

cases. (Mot. to Remand at 4.) With respect to this potential challenge, Plaintiffs state as follows:

> The Defendant, interestingly, now claims that the Federal Court is the proper place for consideration of the matters. Certainly, if the Defendant is actually arguing that it wants to consent to the [refiling] of the dismissed Title VII claims, and should the Court agree, the Plaintiffs would be willing to take this route over the writ of mandamus. But undersigned counsel doubts very much that the City, let alone the Court, would agree to this approach. This is why the matter was filed in state court under a writ of mandamus . . . .

(Mot. to Remand at 4.)

With respect to Plaintiffs' acknowledgment that it seeks a writ of mandamus for the purpose of avoiding the consequences of Title VII, the Court finds that the "proper place" for consideration of the matter does not turn upon the issue of where claims may potentially be ripe. Instead, federal jurisdiction is based upon the factors set forth in 28 U.S.C. § 1441. Plaintiffs cannot avoid Section 1441's clear provision that claims that "arise under" federal law may be removed by defendants to federal court. Whether Plaintiffs believe their remedies under federal law are limited or non-existent is inconsequential to the analysis.[4]

---

[4] Finally, Plaintiffs' Motion to Remand argues that this Court does not have jurisdiction because Plaintiffs dismissed their claims in McNeil without prejudice. (Mot. to Remand ¶¶ 2, 5.) However, the extent of Plaintiffs' participation in the McNeil litigation is relevant as to whether or not Plaintiffs would be able to ultimately succeed on their challenge to the Order Approving Settlement. See 42 U.S.C. § 2000e-2(n)(b). However, the extent of Plaintiffs' participation in the McNeil litigation does not implicate whether this Court has subject matter jurisdiction over Plaintiffs' claims challenging the implementation of the Order Approving Settlement.

In sum, Plaintiffs' Petition and its Motion to Remand clearly set forth that they wish to challenge the implementation of the McNeil Order Approving Settlement. This is a federal question pursuant to 42 U.S.C. § 2000e-2(n), which federal courts have jurisdiction over pursuant to 42 U.S.C. § 2000e-5(f)(3). Accordingly, the Court RECOMMENDS that Plaintiffs' Motion to Remand be DENIED.

DATED this 19th day of October, 2010.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**