**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

| | | |
|---|---|---|
| **WILLIAM GREEN, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 10-2232-STA-cgc** |
| | ) | |
| **CITY OF MEMPHIS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

**ORDER ADOPTING IN PART, REJECTING IN PART THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND GRANTING PLAINTIFFS' MOTION TO
REMAND**

---

Before the Court is Plaintiffs' Motion to Remand (D.E. # 7) filed on April 30, 2010, and
the Magistrate Judge's Report and Recommendation that Plaintiffs' Motion be Denied (D.E. #
16) entered on October 19, 2010.  Plaintiffs have filed timely objections to the Report and
Recommendation, to which Defendant has responded.  For the reasons set forth below, the
Magistrate Judge's Report and Recommendation is **ADOPTED IN PART, REJECTED IN
PART** and Plaintiffs' Motion to Remand is **GRANTED**.

## BACKGROUND

The Magistrate Judge has reported the following background facts to which neither
party has objected and which the Court hereby adopts: on February 26, 2010, Plaintiffs filed a
Writ of Mandamus and Petition for Declaratory Relief ("Petition") in the Chancery Court of
Shelby County, Tennessee for the Thirtieth Judicial District at Memphis ("Chancery Court").
The Petition states that Plaintiffs are African-American Sergeants with the Memphis Police

1

Department ("MPD") who took part in a promotional process in 2005 to attempt to obtain the rank of Lieutenant. (Petition ¶ 10).  Plaintiffs were denied the promotion and, to date, retain the rank of Sergeant. (*Id*. ¶ 11).

Based upon their belief that the process utilized for the promotions had a known adverse impact against African-American candidates, Plaintiffs filed suit in the United States District Court for the Western District of Tennessee on March 7, 2007. (*Id*. ¶¶ 12-14.)  *See Dennis McNeil v. City of Memphis*, No. 2:07-cv-02166. On June 11, 2008, the *McNeil* case was consolidated with *Constance Walker-Cage v. City of Memphis*, No. 2:07-cv-02441.  A central issue in the consolidated litigation was whether a three-part test utilized by the City to effectuate promotions had an adverse impact on African-American candidates. (Order Approving Settlement at 2.)

On July 9, 2009, the Court entered an Order Approving Settlement, which was revised on July 13, 2009.[1]  The Order Approving Settlement stated that sixty-nine Sergeants would be promoted to Lieutenant, including certain named *McNeil* plaintiffs but excluding Plaintiffs in the case at bar. (Order Approving Settlement at 1.)  The Order Approving Settlement further required that the sixty-nine Sergeants "chosen for promotion as part of this settlement are all those Sergeants, whether litigants or not, who have not yet been promoted to Lieutenant who are number 165 or less on either the three-part promotional list or the one-part test promotional list. . . ." (Order Approving Settlement at 2.)

On July 27, 2009 and July 30, 2009, the Court dismissed the *McNeil* suit pursuant to Rule

---

[1] The Order Approving Settlement for the consolidated *McNeil/Walker-Cage* case was only filed in *Walker-Cage* case, No. 2:07-cv-02441; however, the caption for the Order Approving Settlement indicates that it resolved both consolidated cases.

41 of the Federal Rules of Civil Procedure.[2]  (Petition ¶ 15.)  The dismissal was without prejudice as to Plaintiffs in the instant case and two other individuals, Angela D. Smith[3] and Robert Harris, all of whom were not promoted by the Order Approving Settlement.  The dismissal was with prejudice as to the remaining plaintiffs in the *McNeil* suit, all of whom were promoted by the Order Approving Settlement.

In the instant case, the Petition now asserts that the "promotion cutoff number of 165 was illegal, arbitrary and/or capricious." (*Id*. ¶ 18.)  Plaintiffs claim that, "[i]n calculating the top 165 on the list[,] the City of Memphis excluded 13 Plaintiffs who had been involved in other federal suits, Johnson and Billingsley." (*Id*. ¶ 19.)  Plaintiffs assert that, "[u]pon information and belief, in promoting the top 165 two lists were used: a one-part promotion test that included a written exam and seniority; and a three-part promotion test that included a video." (*Id*. ¶ 20.)  Plaintiffs further allege that, "[u]pon information and belief, the EEOC had reason to believe that using the three-part promotion test (3 day list) was discriminatory based upon race." (*Id*. ¶ 21.)  Thus, "[a]s a result of these measures (of excluding Plaintiffs, and/or using the three-part promotion list) a non-Plaintiff white male, Paul Pruitt, who otherwise would not qualify, was promoted." (*Id*. ¶ 22.)  Additionally, "Plaintiffs above were not promoted despite their involvement in the federal suit mentioned" and are now "entitled to a promotion to the rank of lieutenant." (*Id*. ¶¶ 23, 25.)

---

[2] The Stipulations of Dismissal as to the *McNeil* plaintiffs were filed in the *McNeil* case, No. 2:07-cv-02166.

[3] Plaintiffs set forth that Angela Smith, another *McNeil* plaintiff who was not promoted and dismissed her claims without prejudice following the Order Approving Settlement requested a "similar writ . . . , which resulted in Ms. Smith's promotion in 2009." (Petition 30.) Although the record provides no further information regarding Smith's case, a review of the Electronic Court Filing (ECF) database does not show any attempts to remove Smith's case to this Court.

Based upon these allegations, Plaintiffs' Petition requests that the Chancery Court order that they "be promoted to the rank of Lieutenant as the promotion process and examinations conducted on (sic) 2005 promotional process were legally flawed." (*Id*. ¶ 26.)  Additionally, Plaintiffs request back pay and attorneys fees. (Petition, Prayer for Relief, ¶ 3.)  Plaintiffs further state as follows:

> The acts and/or omissions described above by the Defendant are against the law, the Agreement between the Memphis Police Association and the City of Memphis, the policies of the City of Memphis, the City of Memphis Charter, *the existing federal court orders*, and the arbitration decision(s) . . . .
> (Petition ¶ 31) (emphasis added).

On April 30, 2010, Plaintiffs filed the instant Motion to Remand pursuant to 28 U.S.C. § 1447(c). Plaintiffs claim that the Petition does not advance Title VII claims but instead requests relief pursuant to Tennessee law. (Mot. to Remand at 2-5.) On May 19, 2010, the City filed its Response in Opposition to Plaintiffs' Motion to Remand. (D.E. #11).  The City asserts that the case is removable to this Court pursuant to 42 U.S.C. § 2000e-2(n) as a challenge to employment practices implementing litigated or consent judgments or orders. (Def.'s Resp. to Mot. to Remand at 1-4.)  The City further argues that the artfully pleaded complaint doctrine prevents Plaintiffs from avoiding federal question jurisdiction by carefully wording their complaint so that it does not include the words Title VII or the statute's legal citation. (Def.'s Resp. to Mot. to Remand at 4-7.)

## STANDARD OF REVIEW

Plaintiffs have filed timely objections to the Magistrate Judge's Report and Recommendation.  The Sixth Circuit has held that for purposes of 28 U.S.C. § 636(b), motions to

4

remand should be treated as dispositive motions.[4]  Therefore, the Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."[5]

The Magistrate Judge recommended that Plaintiffs' Motion to Remand be denied.  The Magistrate Judge concluded that this Court has original jurisdiction over Plaintiffs' claims because Section 108 of Title VII, 42 U.S.C. § 2000e-2(n), vests the district court with jurisdiction over "[r]esolution of challenges to employment practices implementing litigated or consent judgments or orders."  Although Plaintiffs' petition never refers to Title VII, the Magistrate Judge found that the petition made numerous references to the *McNeil* case and the settlement agreement approved by the Court to resolve that dispute.  Applying the artfully-pleaded complaint rule, the Magistrate Judge concluded that Plaintiffs' claims arise under Title VII and "present[ed] a direct challenge to the implementation of the Order Approving Settlement in *McNeil*."  Therefore, the Magistrate Judge concluded that this Court has jurisdiction over Plaintiffs' claims pursuant to 42 U.S.C. § 2000e-5(f)(3).

Plaintiffs argue that the Magistrate Judge erred and that the Court should grant Plaintiffs' Motion to Remand.  Plaintiffs state that an action is not subject to removal just because the facts giving rise to a state law claim might also support a federal claim.  Therefore, this is not an instance where Plaintiffs are attempting to litigate a Title VII claim in state court.  Plaintiffs contend that the elements of their claim for a writ of mandamus are distinct from the elements of a Title VII claim for race discrimination.  Plaintiffs' Petition mentions the *McNeil* case only "to

---

[4] *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509 (6th Cir. 2001).

[5] 28 U.S.C. § 636(b)(1)(C).  *See also* Fed. R. Civ. P. 72(b)(3).

show no other legal remedy" is available. (Pls.' Objs. 8.)  Plaintiffs argue that their voluntary

dismissal of their claims in *McNeil* has "in effect closed the Title VII claim in federal court."

(*Id.*)  As a result, Plaintiffs believe that mandamus is the only avenue left open to them.

Therefore, Plaintiffs ask the Court to remand their petition to state court.

Defendant has responded in opposition to Plaintiffs' timely objections.  Defendant argues

that Plaintiffs have not addressed the Magistrate Judge's conclusion that their petition challenges

the implementation of the Court's Order in *McNeil*, thereby vesting original jurisdiction over

Plaintiffs' claims with the federal court.  Defendant points out that Plaintiffs did not brief or

argue the Magistrate Judge's recommended holding about the applicability of 42 U.S.C. §

2000e-2(n).  Therefore, the Court should overrule Plaintiffs' objections and adopt the Magistrate

Judge's Report and Recommendation.

## ANALYSIS

Having reviewed the parties' briefs and the Magistrate Judge's Report *de novo*, the Court

holds that Plaintiffs' Complaint has not stated a claim over which this Court has exclusive

jurisdiction.  Therefore, remand is proper.  The removal statute, found at 28 U.S.C. § 1441(b),

provides that "[a]ny civil action of which the district courts have original jurisdiction founded on

a claim or right arising under the Constitution, treaties or laws of the United States shall be

removable without regard to the citizenship or residence of the parties."[6]  "Only state-court

actions that originally could have been filed in federal court may be removed to federal court by

---

[6] 28 U.S.C. § 1441(b).

the defendant."[7]  The Supreme Court has held that "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[8]  A case may "arise under" federal law where (1) the plaintiff's cause of action is created by federal law; (2) "some substantial, disputed question of federal law is a necessary element. . . of the well-pleaded state claim;"or (3) the "claim is really one of federal law."[9]

The Court holds that Plaintiffs' case does not "arise under" federal law.  First, Plaintiffs have not asserted claims created by federal law.  Plaintiffs seek relief under the laws of the state of Tennessee, specifically a writ of mandamus which "is a summary remedy, extraordinary in its nature, and is to be applied only when a right has been clearly established, so that there remains only a positive ministerial duty to be performed, and it will not lie when the necessity or propriety of acting is a matter of discretion."[10]  On its face, Plaintiffs' Complaint does not present a claim created under federal law.

Second, a substantial, disputed question of federal law is not a necessary element of Plaintiffs' petition for writ of mandamus.  Plaintiffs have alleged that they have a specific right

---

[7] *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

[8] *Id.; Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 9-10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

[9] *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007) (citations and quotations omitted).

[10] *State v. Irick*, 906 S.W.2d 440 (Tenn. 1995) (quoting *Peerless Const. Co. v. Bass*, 14 S.W.2d 732 (1929)).

to be promoted to the rank of Lieutenant because the 2005 promotion process was legally flawed. Plaintiffs further allege that the City of Memphis has a clear duty to promote Plaintiffs and that Plaintiffs have no other legal remedy. It is true that in *McNeil* this Court entered a consent judgment resolving similar claims made by other officers who challenged the same 2005 promotion process. However, Plaintiffs in the case at bar were not parties to that settlement and dismissed their claims in *McNeil* without prejudice. "[P]arties who choose to resolve litigation through settlement may not dispose of the claims of a third party, and a *fortiori* may not impose duties or obligations on a third party, without that party's agreement."[11] As a result, Plaintiffs are not bound by the consent decree entered in *McNeil*. Furthermore, Section 108 of Title VII does not apply in this case because that provision only limits challenges to consent orders "in a claim under the Constitution or Federal civil rights laws."[12] Plaintiffs have not specifically challenged *McNeil* under the United States Constitution or any federal civil rights law but rather alleged that the *McNeil* settlement was "against the law, the Agreement between the Memphis Police Association and the City of Memphis, the policies of the City of Memphis, the City of Memphis charter, the existing federal court orders, and the arbitration decision(s). . . ."[13] Therefore, the Court holds that a substantial, disputed question of federal law is not a necessary element of Plaintiffs' claims.

Finally, the Court concludes that Plaintiffs' claims are not "really" claims of federal law. "While a plaintiff is generally free to choose whether to rely on state or federal law, it is an

---

[11] *City of Warren*, 495 F.3d at 287.

[12] 42 U.S.C. § 2000e-2(n)(1)(B).

[13] Compl. ¶¶ 31, 34.

independent corollary of the well-pleaded complaint rule that a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint."[14]  "If a court concludes that a plaintiff has 'artfully pleaded' claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint."[15]  The Sixth Circuit has held that the artful-pleading rule applies only in narrow circumstances because "an expansive application of this doctrine would effectively abrogate the well-pleaded complaint rule."[16]  The Magistrate Judge recommended that the artfully-pleaded complaint rule be applied in this case to conclude that Plaintiffs' claim arises under Title VII.  The Court, however, concludes that it would be improper to invoke the artful-pleading rule and grant removal under the circumstances presented.

The Sixth Circuit has identified two instances where the artful pleading doctrine allows removal: (1) where federal law completely preempts a plaintiff's state-law claim; or (2) where federal and state claims are identical.[17]  The Court finds that neither of these instances is present in the case at bar.  Generally, Title VII does not preempt claims arising under state law.[18]  Furthermore, there is no authority to conclude that Section 108 of Title VII specifically preempts

---

[14] *City of Warren*, 495 F.3d at 287 (citations omitted).

[15] *Id.* (quoting *Rivet v. Regions Bank of La.,* 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998)).

[16] *City of Warren*, 495 F.3d at 287 (citing *Her Majesty The Queen In Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 340 (6th Cir. 1989)).

[17] *City of Warren*, 495 F.3d at 287.  The Magistrate Judge did not address the Sixth Circuit's decision in *City of Warren* or the standards it set forth for the application of the artful-pleading rule.

[18] *See* 42 U.S.C. § 2000e-7; *Tisdale v. United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus., Local 704*, 25 F.3d 1308, 1312 (6th Cir. 1994).

Plaintiffs' petition for writ of mandamus.  Section 108 states that "an employment practice that implements and is within the scope of a litigated or consent judgment or order that resolves a claim of employment discrimination under the Constitution or Federal civil rights laws may not be challenged. . . *in a claim under the Constitution or Federal civil rights laws*."[19]  The Court has already noted that this language effectively limits standing to challenge federal consent orders pursuant to federal law, not state law, and then only under the circumstances listed in the statute.[20]  Likewise, it is clear that Plaintiffs' petition for mandamus is not identical to a claim under Title VII.  Having held that the artful pleading doctrine does not apply in this case, the Court cannot conclude that Plaintiffs' claims are "really" federal claims.  Therefore, removal on this basis would not be proper.

Based on the Court's *de novo* review of the Magistrate Judge's Report, the Court holds that Plaintiffs' claims do not arise under federal law.  Therefore, there is no basis for removal, and Plaintiffs' Motion to Remand to state court is **GRANTED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date:   January 15, 2011.

---

[19] § 2000e-2(n)(1) (emphasis added).

[20] *See* § 2000e-2(n)(1)(B).

10